**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| ROBERT HILL, | : | CIVIL ACTION NO. |
| Hall County ID # 363094, | : | 2:10-CV-00256-RWS-SSC |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HALL CNTY. DET. CTR., | : | PRISONER CIVIL RIGHTS |
| STATE OF GEORGIA, | : | 42 U.S.C. § 1983 |
|    Defendants. | | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Hall County Detention Center in Gainesville, Georgia, has submitted this *pro se* civil rights action, seeking relief under 42 U.S.C. § 1983 [Doc. 1], and has been granted *in forma pauperis* status [Doc. 6]. The matter is now before the Court for an initial screening.

**I.**    **The Legal Framework**

    **A.**    **28 U.S.C. § 1915A Review**

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual

allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.) (internal quotations omitted), cert. denied, 510 U.S. 893 (1993). A complaint fails to state a claim unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679; see also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"), cert. denied, 540 U.S. 872 (2003).

### B. 42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff fails to satisfy these

pleading requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support asserted constitutional violation), cert. denied, 540 U.S. 1219 (2004); see also L.S.T., Inc. v. Crow, 49 F.3d 679, 683-84 (11th Cir. 1995) (noting that "[i]t is well-established that . . . conclusory allegations are insufficient to state a § 1983 claim for relief").

## II. **The Complaint**

Plaintiff states that he is "challenging the manner in which Hall County Jail handles inmates in such things concerning necessities and issues that may lead to health problems, sickness, diseases, and worst [sic]."  (Doc. 1 at 1).  He notes that "[i]nmates are usually two to a cell and sometimes more" and are often forced to eat in a dirty cell with the doors closed.  (Id.).  Furthermore, the showers "are often filthy, with bugs flying around in the showers and on the walls, which is harmful and can lead to serious health issues and diseases."  (Id.)  Plaintiff also complains about missing breakfast on November 28, 2010, apparently because he failed to retrieve his breakfast tray when it was available—he "looked and they w[eren't] serving trays but everybody else was eating, so [he] didn't get [his] tray."  (Id. at 2).  Plaintiff states that "if this matter appears to be petty and looked over, then so be it."  (Id.).

3

## III. Discussion

For a plaintiff to make out a claim under the Eighth Amendment for cruel and unusual punishment, "there must be, objectively speaking, conduct by public officials sufficiently serious to constitute a cruel or unusual deprivation—one denying the minimal civilized measure of life's necessities. . . . [and] a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000) (internal quotations omitted) (citing Wilson v. Seiter, 501 U.S. 294, 298, 300 (1991)), cert. denied, 531 U.S. 1077 (2001). Under the Eighth Amendment, "the offending conduct must be *wanton*," a term without "a fixed meaning," although in the context of a prison disturbance, wantonness means that a prison official acted "maliciously and sadistically for the very purpose of causing harm." Wilson v. Seiter, 501 U.S. 294, 302 (1991) (internal quotations omitted). "[R]outine discomfort is part of the penalty that criminal offenders pay for their offenses against society," so that "extreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotations omitted); see also Wilson, 501 U.S. at 298 (noting that "[t]he Constitution . . . does not mandate comfortable prisons" (internal quotations omitted)). A prison official cannot be found deliberately indifferent unless he or

4

she "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The Eleventh Circuit recently summarized the legal principles relevant to Plaintiff's claims as follows:

> "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832[] (1994) (quotation marks and citation omitted). At a minimum, the Eighth Amendment requires prison officials to provide adequate food, clothing, shelter, and medical care. Id. An inmate's safety must also be protected through reasonable measures. Id. The prisoner bears the burden of proving that the challenged prison condition is "extreme" and "pose[s] an unreasonable risk of serious damage to the [prisoner's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotation marks and citation omitted). In order to violate the Eighth Amendment, the risk of harm from the condition must be "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." Id. (quotation marks and citation omitted) (emphasis in original).
>
> Besides this objective component, the prisoner must satisfy a subjective prong by showing that the prison officials acted with deliberate indifference. Id. This does not require that the prison official purposefully acted to cause harm, but it does involve something beyond mere negligence. Id. The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837[]. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. A prison condition generally does not violate the Eighth Amendment unless it involves "the wanton and unnecessary infliction of pain." Chandler, 379 F.3d at 1289 (quotation marks and citation omitted).

Alfred v. Bryant, 378 F. App'x 977, 979 (11th Cir. 2010) (unpublished decision).

AO 72A
(Rev.8/82)

Plaintiff's allegations fail to make a plausible case that any of the foregoing requirements has been met. Generalized allegations about sharing "dirty" cells and using "filthy" showers, along with a specific allegation about missing a single meal, do not begin to approach the "extreme deprivations" needed to support a successful conditions-of-confinement claim. See, e.g., Evans v. St. Lucie County Jail, 448 F. App'x 971, 974-75 (11th Cir. Dec. 13, 2011) (unpublished decision) ("[P]lacement of mattresses in an overcrowded cell is not, in and of itself, an 'extreme' condition that poses 'an unreasonable risk of serious damage.'" (citing Chandler, 379 F.3d at 1289)).[1] In Alfred, the Eleventh Circuit noted that it had "previously held that sleeping on a[n] unsanitary eating table or on a dirty mattress on the floor did not violate an inmate's Eighth Amendment rights." Id. at 980 (citing Hamm v. DeKalb County, 774 F.2d 1567, 1569, 1575-76 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986)). The Alfred court also noted that in Hamm, the plaintiff "temporarily endured these sleeping arrangements an unspecified number of times during a ten-month period due to prison overcrowding" and also alleged "inadequate medical care and unsanitary food service," but the Hamm court "concluded that the totality of the conditions was constitutional." Alfred, 378 F.

---

[1] The Supreme Court's recent decision in Brown v. Plata, 131 S. Ct. 1910, 1947 (2011) (affirming order for California to reduce its state prison population), is inapposite here because that decision was based on the inability of the California Department of Corrections and Rehabilitation to provide state prisoners with adequate medical care over a prolonged period of time. See id. at 1922-23 (noting that "[t]he degree of overcrowding in California's prisons is exceptional," impeding "for years" the ability of prison staff to treat prisoners with "serious mental disorders" and "serious medical conditions").

6

App'x at 980 (stating that "having to use a toilet which lacks proper water pressure and occasionally overflows is unpleasant but not necessarily unconstitutional").

The conclusions reached in Hamm and Alfred also apply here. Notably, Plaintiff does not allege that he has suffered any adverse consequences from the conditions at the Hall County Detention Center, only that these "issues . . . may lead to health problems." (Doc. 1 at 1); see also Chandler, 379 F.3d at 1289 (stating that prisoner "must at the very least show" that challenged prison condition "poses an unreasonable risk of serious damage to his future health or safety" (quotation marks omitted)). Plaintiff's "health problems" claims are too speculative to support a viable claim. See Iqbal, 556 U.S. at 678-79.

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this action be **DISMISSED**. Plaintiff has failed to state a claim for relief. See 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED and DIRECTED**, this 27th day of August, 2012.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge